Next case, E. Paul M. Johnson Counsel for Appellant You may proceed and please state your name for the record Oh, before you do, I want to state for the record that this is case number 524-0651 You may proceed, Johnson Thank you. My name is Deepa Punjabi and I represent the appellant, Tomir Johnson Tomir appeals from his 23-year sentence that was imposed after he pled guilty to aggravated battery with a firearm in a plea agreement where there was no agreement as to the sentence And on appeal, he argues that his sentence violates the proportionate penalties clause because it does not adequately account for his youth and rehabilitative potential resulting in a sentence so wholly disproportionate as to shock the moral sense of the community Alternatively, he argues that the court abused its discretion by misapplying the codified Miller factors and imposing an excessive sentence The conviction in this case stemmed from the November 22 shooting of DiCarlo Douglas in what appeared to be a drug deal gone wrong DiCarlo Douglas, a 34-year-old man, met Tomir and his brother who were 15 and 14 years old to sell them drugs and an altercation arose in which the trial court could not say who fired first but gunfire was exchanged Tomir shot and killed DiCarlo, but DiCarlo, who was a grown man, also shot at an injured 15-year-old Tomir And Tomir points to several errors that the court made at his sentencing hearing First and foremost, the court mistakenly used Tomir's proximity to the age of 16 rather than 18 to judge the mitigating value of his age Our Supreme Court has noted that our state has long held the Proportionate Penalties Clause requires a court to take into account a defendant's youthfulness in fashioning an appropriate sentence and here that did not occur The court found that Tomir's age of 15 at the time of the offense was somehow not a strong factor in mitigation because of his proximity to the age of 16, which the court noted was the age of automatic transfer But the court's standard to judge the mitigating value of Tomir's age was his proximity to the age of 18, not 16 So the court made a pretty significant error here and as it applied to this case, this was an error that really mattered At age 15, Tomir's age should have been a strongly mitigating factor We have circumstances here where we had a 30-something-year-old man come to sell drugs to 14- and 15-year-old kids and as the trial court stated, we don't know from the record who pulled out the gun first but we do know that both sides pulled out their guns and this was not some sort of confrontation between equals Tomir was faced with an adult pointing a gun at a kid These are not circumstances that a 15-year-old would have had the mental capacity or judgment to respond appropriately He would not have known how to de-escalate or defuse the situation or get out of it Given his immature brain development, the court should have considered his age a strongly mitigating factor There was also an over-reliance on deterrence in sentencing this juvenile offender The court said it was considering deterrence and protection of the public as the strongest aggravating factors that it was applying But the U.S. Supreme Court has repeatedly explained that the penological justification of deterrence is diminished in the juvenile sentencing context because of its reduced efficacy because juveniles simply lack the brain capacity to foresee consequences and consider potential punishment and this is not an observation that depends on a specific offense or a specific length of sentence for it to be true This remains true in all juvenile sentencing and yet the court found that deterrence was one of the strongest factors in aggravation The court also exhibited a pattern in its findings as it was going through all of the codified Miller factors of repeatedly acknowledging that evidence of Tomir's rehabilitative potential existed while at the same time expressing disbelief that such potential could exist in a child like Tomir And I'm not going to cite the court's language in every such instance because I included all of that in my opening brief but just one instance, for example, was on the one hand the court stated that Tomir's participation in programs while in custody to improve himself seemed impressive but then it speculated that Tomir was only participating out of boredom or because he had nothing to do with evaluating that mitigation evidence or calling Tomir's motives into question and there were several such examples that I cited in my opening brief where the court sort of without cause arbitrarily minimized or disregarded the rehabilitative evidence that it conceded existed before it Now, while Tomir's offense here was no doubt serious, a 23-year sentence never the less shocks the conscience under these specific facts This was a child who had experienced almost unrelenting trauma from the very start of his life resulting from physical abuse from his father, from his mother's various boyfriends, neglect due to not being fed or clothed appropriately as well as physical, sexual, and emotional abuse in his various foster placements Dr. Odimayo had said he was shocked by Tomir's adverse childhood experiences score, a 10 out of 10 because it was so high, he had never seen a score that high before So we have in this offense a traumatized 15-year-old facing off against a 30-something-year-old who was there to sell drugs to him and his 14-year-old and an altercation arises and given Tomir's age, again, he just would not have had the judgment or mental capacity to understand how to extricate himself from this situation He wouldn't have been wired to respond appropriately or in a prudent way to these circumstances and none of that was accounted for in this sentence Tomir's crime reflected the impetuousness of youth and the tumultuous circumstances in which he was raised and I acknowledge that there was a fatality here but this was a sentence that was one and a half times longer than he had even lived at this point This was a sentence in the first-degree murder range even though the state had dismissed the first-degree murder charges so as a sentence for aggravated battery with a firearm where you also have the circumstances of the adult pointing the gun and firing at this child defendant this is a sentence that does shock the conscience and this court has found proportionate penalties clause violations before for juvenile sentences that are less than a life sentence and it should do so here It's clear from the court's findings that it was not properly considering Tomir's young age in mitigation because of this arbitrary policy of measuring it against proximity to the age of 16 rather than 18 It was disregarding or minimizing Tomir's rehabilitative evidence and was overly reliant on deterrence and all of these things combined really show an unwillingness to account for Tomir's youth and youth-related qualities which are things that the proportionate penalties clause does require a sentencing court to account for in its sentence so this court should find the sentence unconstitutionally disproportionate or at a minimum that it was an excessive sentence resulting from an abuse of discretion Were there any questions that I could answer for this court? Any questions? In that case then we'd respectfully request that you reduce Tomir Johnson's sentence You'll have an opportunity for rebuttal Thank you Thank you counsel Kathleen Good morning your honors, Adam Rodriguez for the people with the office of the state's attorney's appellate prosecutor May it please the court Defendant's 23-year sentence for aggravated battery with a firearm which resulted in death does not violate the proportionate penalties clause and the trial court has ruled that Tomir Johnson's sentence is unconstitutional The trial court properly exercised its discretion in sentencing the defendant after meticulous consideration of all the aggravating and mitigating factors In his opening brief, defendant invoked the tenets of Miller and its progeny to challenge his sentence In response, the people correctly explained why a 23-year non-defective life sentence did not violate the tenets of Miller or the proportionate penalties clause In his reply brief Could you speak up just a little bit? Yes, I'm sorry judge In defendant's reply brief, he disavowed his Miller-based claim conceded it was inapplicable and contended that he always intended to argue a proportionate penalties clause violation Yet aside from a single citation to the proportionate penalties clause standard at page 22 of defendant's opening brief he never engages with that standard nor develops that argument and he completely disregards the proportionate penalties clause standard in his reply brief So therefore, that argument is undeveloped unfortunately Critically, defendant's 23-year sentence for shooting the victim in broad daylight in front of his two small children endangering not only them but the defendant's younger brother as well does not shock the moral sense of the community such that it violates the proportionate penalties clause First, under the youth parole statute, defendant will be eligible for parole within 10 years thus providing him a meaningful opportunity for release and under the provisions of the youth parole statute if defendant's initial request for parole is denied he will be eligible to seek additional parole review after five years and if that second attempt is denied he's entitled to a third and final review five years after that As such, the real sentence defendant could serve in this case would be anywhere from 10 years to 15 years to 20 years to 23 years This meaningful opportunity for release repeatedly after 10 years satisfies the objective of restoring the defendant's youthful citizenship as required under the proportionate penalties clause Moreover, the fact that defendant may serve anywhere from 10 years to 15 years to 20 years to 23 years for aggravated battery with a firearm that resulted in death does not result in a sentence that shocks the moral sense of the community Therefore, defendant's sentence is proportionate to the offense Second, the trial court appropriately considered and weighed the aggravating and mitigating factors At sentencing, the court considered the circumstances of the victim's death and in regards to counsel's argument a minute ago that there was no indication in the record of who shot first I would note that the court found that there were facts that supported the state's version of the events Specifically, the court indicated that the victim had been shot from behind and that was supported by the damage to the car door which the victim's young son had said also occurred where the defendant was shooting from behind the vehicle That was located at R188 and R189 of the record But in addition to the circumstances of the offense the court also considered defendant's history of prior delinquency the need to deter other juveniles from glamorizing gun violence and the overarching goal of protecting the public These legitimate aggravating factors outweigh the factors of mitigation Furthermore, contrary to defendant's argument the existence of mitigating factors does not require the trial court to reduce the sentence from the maximum nor does it require the court to impose the minimum sentence The trial court also properly relied on the need to deter juveniles from glamorizing gun violence as a valid aggravating factor Defendant's arguments to the contrary are unalien I would note that my friend on the other side brought up the argument that the peniological justification for deterrence are diminished in this case It's interesting counsel makes that argument because at pages 4 and 5 of defendant's reply brief he claims he never argued that the peniological justification of deterrence was irrelevant to defendant's case However, that's incorrect Right off the bat at pages 20 and 21 of defendant's opening brief he argues that the trial court committed numerous errors at sentencing one of which was finding deterrence to be one of the most strong factors in aggravation even though Miller in its companion cases explained the diminished justification for deterrence in juvenile cases and defendant anchored that argument to this case So it's a bit incongruous to argue that he never intended to make that claim makes it before this court yet disavows it in one of his briefs Third, defendant's proportionate penalties clause challenge is merely an excessive sentence claim in disguise because defendant failed to analyze this under the proper proportionate penalties clause standard and conceded that Miller did not apply the only possible claim is that his sentence is excessive but the record shows the trial court carefully considered all of the statutory and non-statutory factors Defendant's complaint that the trial court did not accord his weight in mitigation his youth in mitigation, excuse me, the weight he believes it deserved does not establish a proportionate penalties clause violation Miller, though, his case law makes clear this court cannot substitute its judgment for that of the trial court merely because it would have weighed the factors differently This court considered a mountain of evidence it repeatedly stated that it considered defendant's age in mitigation and considered the totality of the mitigating evidence defendant presented it merely found that the evidence in aggravation outweighed that And finally, fourth, the distinction between a Miller claim and a proportionate penalties clause claim confirms defendant's error A Miller youth challenge to a defendant's sentence focuses on the procedure whether the trial court applied a discretionary sentencing procedure and considered the juvenile offender's youth in attendant circumstances before imposing a de facto life sentence of greater than 40 years A proportionate penalties clause claim, in contrast, focuses on the outcome whether the sentence itself is degrading or so wholly disproportionate to the offense as to shock the moral sense of the community Thus, the procedure-centric holding of Miller in its progeny is irrelevant to the outcome-centric analysis required under the proportionate penalties clause Here, defendant does not claim his 23-year sentence is inhumane or shocks the moral sense of the community despite engaging with that argument for the first time during oral argument Instead, he argued repeatedly in his briefs that the court did not give his youth in mitigation enough weight That's an argument about sentence procedure, not proportionality In addition, Your Honors, my friend on the other side brought up an argument a minute ago about the trial court incorrectly considering the proximity of defendant's age 18 versus its consideration of his age 15 and 16 And the defendant echoes that argument on page 5 and 6 of his reply brief that the trial court misapplied his age in relation to the Miller juvenile sentencing factors That's incorrect First, the court explicitly stated defendant's age does tend to mitigate That's at R197 and R198 of the record Second, section 5-4.5-105 states that the court shall consider the person's age at the time of the offense which the record shows the court certainly did And subsection A1 of the Miller juvenile sentencing factors also asks that the court, when considering a juvenile offender who's under 18 years of age to consider their age at the time of the offense and again repeats that language under subsection A1 So this argument about proximity seems to be a bit confusing because at all times relevant, the court under the Miller juvenile sentencing factors is supposed to consider the specific juvenile offender's age at the time of the offense which in this case was 15 and then the court contextualized that within the bounds of the interplay between the juvenile transfer statutes and the juvenile court act So the court didn't misapply anything As I see my time is up, does the court have any other questions? Any questions?  Thank you, counsel Thank you, Your Honor, because I would just ask Are there any questions? I would just ask the court affirm defendant's conviction in seconds Thank you very much Thank you Thank you, Your Honor So real quickly, your comment there just mentioned the proximity and how it's required to discuss age pursuant to Miller Can you address that issue and that argument that he made? Yes He's saying that the trial court did in fact look at the age appropriately Is that correct? I don't think that's correct The court did say, well, on the one hand, his age tends to mitigate but I'm not going to find that as a strong factor in mitigation here because of his proximity to the age of 16 which would have been the age of automatic transfer He used that as a reason to find that the age of 15 was not a strong factor in mitigation which I don't know if the court was confused because it said it had taken copious notes on the transfer order on the motion to transfer and perhaps it had held that in its mind That's why it was using the age of 16 But all the case law makes clear and the statute that the court was supposed to be considering that codified the Miller factor that it is the proximity to the age of 16 that demarcates a juvenile from an adult and the court was very clear that I am not going to find this as a strong factor in mitigation because he's close to the age of automatic transfer That doesn't have any bearing on whether he was close to the age of 18 and it doesn't have any bearing on whether his brain development at that point was immature which surely it would have been at the age of 15 So I don't agree with counsel's argument there The state also here has continually asserted in its brief and here an argument that Miller doesn't apply to this case or that I'm confusing a Miller argument with a proportionate penalties argument To be clear, we're not proceeding under Miller and the Eighth Amendment I'm proceeding under the proportionate penalties clause which the Supreme Court has repeatedly clarified can support a challenge to a sentence of any length so the discussion of parole or whether there's a meaningful opportunity of release which goes to whether there was a de facto life sentence is not really relevant here But Miller is still relevant because Illinois has codified the Miller factors and requires a judge to consider those factors in mitigation when sentencing any person who committed an offense before they reach the age of 18 years of age not 16, 18 So the discussion of Miller is in reference to these codified factors whose meaning is certainly informed by the Miller decision itself So even though this is a proportionate penalties claim and not an Eighth Amendment claim the reference to the Miller factors here is entirely appropriate The court was required to consider those factors With respect to counsel's point to deterrence my point is not that deterrence is wholly irrelevant It's that it takes on a reduced importance in the juvenile sentencing context Lastly, I am not asking this court to re-weigh the sentencing factors I'm asking that this court find that certain factors that were required to be considered were not weighed at all, they were just disregarded The mitigating value of Tomer's age was disregarded by this court because he was close to the age of 16 rather than 18 The mitigating value of his rehabilitative potential, again, was also continually arbitrarily disregarded This court is not supposed to be a rubber stamp for the trial court sentence The trial court sentence is actually subject to review And as the Supreme Court has acknowledged a review in court may alter or reduce the sentence that's been imposed due to an abuse of discretion by the trial court where the sentence is greatly at variance with the spirit and purpose of the law or is otherwise disproportionate And so it is here And so we'd ask that you reduce Mr. Johnson's sentence Any questions? No, sir Any questions? Thank you Thank you, counsel The court will make this matter under advisement and issue its decision in due course